NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWARD C. CATHCART, ROSEMARIE CATHCART, h/w,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA UNIVERSITY, THE VIKING PRESS, PENGUIN GROUP (USA), INCORPORATED. ESTATE OF MANNING MARABLE, and/or John Does 1-10 individually, jointly & severally,<br><br>Defendants. | Civil Action No. 2:14-cv-06917 (CCC)(JAD)<br><br>**OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the court upon motion by plaintiffs Linward C. Cathcart and Rosemarie Cathcart (together, "Plaintiffs") to amend the complaint pursuant to Fed. R. Civ. P. 15 (the "Motion to Amend") (ECF No. 12). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend is **denied**.

I. **BACKGROUND.**

The present motion in this defamation action requires the Court to determine whether Plaintiffs should be permitted to amend the Complaint to add two additional paragraphs, which they contend better describe the defamatory conduct of defendant Penguin Group (USA), Inc. ("Penguin"). Penguin, however, argued that the Motion to Amend should be denied because the amendments are futile. The Court agrees.

1

### A. The Complaint and Penguin's Motion to Dismiss.

The allegations of the Complaint[1] arose out of Penguin's publication of the book Malcolm X: A Life of Reinvention, which contains statements about plaintiff Linward Cathcart implicating him of participating in the murder of Malcolm X. (Compl. ¶¶ 6-8). Plaintiffs alleged that Penguin knew or should have known of the falsity of these statements, and asserted claims of defamation, intentional infliction of emotional distress and loss of consortium.

Penguin moved to dismiss the Complaint on November 27, 2012 (Mot. Dismiss, ECF No. 8), arguing that (i) Plaintiffs' defamation claim was barred by the one year statute of limitations applicable to defamation claims, which also resulted in the failure of Plaintiffs' derivative intentional infliction of emotional distress and loss of consortium claims; and (ii) Plaintiffs failed to state a claim upon which relief can be granted pursuant Fed. R. Civ. P. 12(b)(6). Plaintiffs did not oppose the motion to dismiss.

The Court granted Penguin's motion to dismiss, without prejudice, on February 27, 2013. (Order, ECF No. 10). The Court did not make any findings as to Penguin's arguments, but permitted Plaintiff to file a motion for leave to amend the Complaint. (Id.).

### B. The Proposed Amendments.

Plaintiffs filed the instant Motion to Amend on March 12, 2013 (ECF No. 12),[2] seeking to add two paragraphs that Plaintiffs contended "more aptly describe[] [Penguin's] role in defaming Plaintiff." (Br. Supp. Mot. Amend 2, ECF No. 12). Specifically, Plaintiffs sought to add the following paragraphs:

---

[1] The Complaint was originally filed in New Jersey Superior Court, Law Division, Union County and was removed to this Court by Penguin on November 7, 2012. (ECF No. 1).

[2] Plaintiffs also filed an amended complaint on March 12, 2013, which, in fact, is the proposed amended complaint that should have been filed as an attachment to the Motion to Amend. (See Clerk's Quality Control Message 3/13/2013). For clarity purposes, the Court notes that because it denies Plaintiffs' Motion to Amend, the amended complaint (ECF No. 11) shall be deemed stricken.

2

> 10. [Penguin] has a department in charge of fact checking and that department failed to appropriately vet the information claimed by their contracted author.
>
> 11. By [Penguin] failing to diligently vet their contracted author's materials they were a conduit to his actions.

(Proposed Am. Compl. ¶¶ 10-11, ECF No. 11). Plaintiffs argued that the amendments should be allowed because there would be no prejudice to Penguin insomuch as the claims are the same as those of the original complaint, only supplemented to "add specificity so the defendants can be made aware of the circumstances that created the action against them." (Br. Supp. Mot. Amend 12, ECF No. 12).

Penguin, however, argued that the proposed amendments do not cure the deficiencies that resulted in the dismissal of the Complaint and, therefore, are futile. First, Penguin argued that the proposed amendments do not address or avoid its argument that Plaintiffs' defamation claim is barred by the statute of limitations. (Opp. Br. 3, ECF No. 13). In addition, Penguin asserted that the Complaint, even if amended, does not allege a cognizable cause of action against it because Penguin, as a publisher, does not have a duty to independently fact-check non-fiction work. (Id.). Thus, Penguin argued the proposed amendments are futile.

## II. LEGAL STANDARD.

Federal Rule of Civil Procedure 15 governs motions to amend or supplement proceedings.

Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178.

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) unfair prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d. Cir. 2000). A proposed amendment may be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).

### III. DISCUSSION.

In Penguin's motion to dismiss, it argued that Plaintiffs' defamation claim was barred by the one year statute of limitations applicable to defamation actions.

Penguin alleged that it released the book on March 10, 2011, when it shipped the book to bookstores. (Decl. A. Gigante, ¶¶ 3-4, ECF No. 8-2). Plaintiffs' defamation claim was filed on April 3, 2012. According to Penguin, Plaintiffs' defamation claim is subject to a one-year statute of limitations, which runs from "the time the libelous material is released to the trade." (Br

Opp. Mot. Amend 3, ECF No. 13) (citing See N.J.S.A. 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the allege libel or slander"); Palestri v. Monogram Models, Inc., 875 F.2d 66, 68 (3d Cir. 1989); Barres v. Holt, Rinehart & Winston, Inc., 131 N.J. Super. 371, 390 (Ch. Div. 1974) aff'd, 141 N.J. Super. 563 (App. Div. 1976) aff'd, 74 N.J. 461 (1977)). Thus, Penguin argued that Plaintiffs' defamation claim, which was filed more than one year after the publication of the book, is time barred.

Plaintiffs did not dispute Penguin's contention that the statute of limitations ran from the date of publication, nor offered any other evidence or argument disputing that their claim was time barred. The proposed amendments do not address, let alone rebut, the argument that the statute of limitations expired on the defamation claim. Thus, Plaintiffs' proposed amendments are futile insomuch as they do not cure the deficiencies of the defamation claim. Likewise, Plaintiffs' intentional infliction of emotional distress and loss of consortium claims, which are derivative of the defamation claim, also fail.

Moreover, the proposed amendments attempt to establish liability on the part of Penguin because Penguin, as a publisher, failed to "appropriately vet the information claimed by their claimed by their contracted author." (Proposed Am. Compl. ¶ 10, ECF No. 11). Penguin, however, countered that a publisher does not have a duty to independently fact-check a non-fiction work. (Br. Opp. Mot. Amend 3, ECF No. 13). Plaintiffs, again, did not refute Penguin's contention. Nor did Plaintiffs propose amendments to the Complaint that addressed the other argument raised by Penguin in its motion to dismiss, namely that Plaintiffs failed to satisfy the pleading standards of Iqbal and Twombly because they did not "identify the alleged defamatory statements or the source of the defamatory statements with sufficient specificity." (Br. Supp. Mot. Dismiss 7, ECF No. 8-1). Rather, Plaintiffs relied on the same allegations of their original

5

Complaint, which was dismissed by the District Court. To the extent that these allegations were insufficient to sustain a defamation claim before, they remain insufficient now.

Therefore, the Court denies Plaintiffs' Motion to Amend the Complaint with prejudice because the proposed amendments are futile.

## IV. CONCLUSION.

For the reasons set forth herein, it is Ordered that Plaintiff's Motion to Amend the Complaint (ECF No. 12) is **DENIED**. It is further Ordered that the Amended Complaint (ECF No. 11), which was filed as an independent document (and without leave of Court) instead of as an exhibit to the Motion to Amend, is stricken.

**SO ORDERED**

*[signature]*
JOSEPH A. DICKSON, U.S.M.J.

cc. Honorable Claire C. Cecchi, U.S.D.J.